UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERT SEGAL JR.,

                        Plaintiff,        Case No.: 21-CV-6872 (VB)

    -against-

NEW YORK MILITARY ACADEMY (ALL ENTITIES   **NOTICE OF MOTION**
INCLUDING, BUT NOT LIMITED TO INSURANCE
REPRESENTATIVES, ETC);
THE RESEARCH CENTER ON NATURAL
CONSERVATION, INC.

                        Defendants.
------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the accompanying Affirmation of Matthew Williams, Esq., dated November 21, 2023, with documents annexed thereto, the undersigned will move this Court located at 300 Quarropas Street, White Plains, NY 10601 on the 22nd day of December, 2023, at 9:30 a.m. or as soon thereafter as counsel may be heard for an order of the Court, pursuant to Local Civil Rule 1.4, granting this firm leave to withdraw as counsel of record for the defendants, and for such other and further relief as this Court may deem just, proper and equitable.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be served no later than seven (7) days prior to the return date.

Dated:  Williston Park, New York
         November 21, 2023

                                                      MULHOLLAND MINION DAVEY
                                                      McNIFF & BEYRER

                                                      /s/ Matthew Williams, Esq.
                                                      By: Matthew Williams, Esq.

*Attorneys for Defendant New York Military Academy et al.*
374 Hillside Avenue
Williston Park, New York 11596
(516) 248-1200

TO: Crumiller P.C.
16 Court Street - #2500
Brooklyn, NY 11241

New York Military Academy
78 Academy Avenue
Cornwall-On-Hudson, NY 12520

Research Center on Natural Conservation, Inc.
1 Arden Road
Harriman, NY 10926

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GILBERT SEGAL JR.,

                                    Plaintiff,          Case No.: 21-CV-6872 (VB)

      -against-

NEW YORK MILITARY ACADEMY (ALL ENTITIES   **AFFIRMATION IN**
INCLUDING, BUT NOT LIMITED TO INSURANCE    **SUPPORT OF MOTION**
REPRESENTATIVES, ETC);                                    **FOR LEAVE TO**
THE RESEARCH CENTER ON NATURAL             **WITHDRAW AS COUNSEL**
CONSERVATION, INC.

                                    Defendants.
------------------------------------------------------------------X

MATTHEW WILLIAMS, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York and the Southern District of New York, affirms the following to be true upon information and belief and under the penalties of perjury pursuant to 28 U.S.C. 1746:

1.      That I am a senior associate of the law firm of Mulholland, Minion, Davey, McNiff & Beyrer, attorneys for the defendant, NEW YORK MILITARY ACADEMY and RESEARCH CENTER ON NATURAL CONSERVATION, INC. As such, I am fully familiar with all prior pleadings and proceedings of this matter. The source of this knowledge is from a review of the file located within the law offices of Mulholland, Minion, Davey, McNiff & Beyrer.

2. This affirmation is submitted in support of the within motion for leave to withdraw as counsel for defendants NEW YORK MILITARY ACADEMY and RESEARCH CENTER ON NATURAL CONSERVATION. I seek to have both myself and Brian Davey of this firm relieved as counsel for the defendants.

3. Local Civil Rule 1.4 governs withdrawal motions. It provides that an attorney who has appeared as attorney of record for a party may be relieved only by order of the Court and may not withdraw from a case without leave. Such an order can be granted only upon a showing of satisfactory reasons to the Court.

4. In ruling on a motion for leave to withdraw under Local Civil Rule 1.4, the Court must consider (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. See Farmer v. Hyde Your Eyes Optical, Inc., 60 F.Supp.3d 441 (S.D.N.Y. 2014).

5. Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court. See Stair v. Calhoun, 722 F.Supp.2d 258 (E.D.N.Y. 2010).

6. The basis for this motion is two-fold. First, the defendants are severely in arrears regarding payment of attorneys fees.

7. Our office undertook representation of the defendants after enactment of the Child Victim's Act. We agreed to take on the defense of the defendants involving three separate lawsuits. Two of those cases were filed in the Supreme Court of New York. The first case was PC-47 Doe v. New York Military Academy et al., Index No. 50488/2021. The second case was John Doe 54 F.G. v. New York Military Academy, Index No. EF005731-2021. The third case is the matter before the Court. The two cases filed in the Supreme Court of New York are disposed.

8. As the Court may recall from earlier motion practice, New York Military

Academy filed for bankruptcy and received a discharge in 2016. Research Center on Natural Conservation, Inc. purchased select assets during the bankruptcy including the land on which the Academy presently sits. Pursuant to a licensing agreement, the Academy maintains operations. The defendants have no conflict of interest and therefore both are represented by our office. Given the particular facts of the case, it was agreed that the Academy is responsible for the payment of all attorney's fees.

9. At present, our office has outstanding balances in all three cases. In an effort to maintain client privilege, I will be providing the exact balances under seal. Suffice it to say, the total amount owed is not an insubstantial figure.

10. Our office has regularly sent invoices to our client. We have not received any payment related to any of these three matters in almost two years.

11. A client's failure to pay their bills is sufficient reason to permit withdrawal. See White v. Advanced Cardiovascular Diagnostics, PLLC, 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023). When a client deliberately disregards its obligation to pay attorney's fees, permissive withdrawal is clearly appropriate. See Tokarz v. LOT Polish Airlines, No 96-CV-3154 (FB) (JMA), 2005 WL 8161165 (E.D.N.Y. June 20, 2005). Courts have long recognized that a client's continued refusal to pay legal fees constitute a satisfactory reason for withdrawal under Local Rule 14. See Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 464 F.Supp.2d 164 (E.D.N.Y. 2006).

12. In addition to the work already performed, which included extensive motion practice, I have no doubt that we will be required to perform substantial work going forward. New York Military Academy is uninsured for the allegations made by plaintiff and therefore is responsible for payment directly from their own pocket as opposed to many cases which have insurance carriers paying the defense. Given the substantial arrears to date, I have no reasonable

expectation of payment in the future. Even at this early juncture, I anticipate extensive discovery, specifically many depositions, additional motion practice and potentially trial, not to mention the cost of having to front expert witness fees. Undertaking that type of representation without expecting to receive compensation would constitute a significant financial hardship for this firm.

13. Our letter of engagement with the client makes clear that the client understands that failure to timely pay attorneys fees constitutes good cause for withdrawal.

14. Courts must also consider the impact of withdrawal on the proceeding and whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. In this particular case, the parties have not yet completed paper discovery and there have been no depositions taken. Furthermore, there have been no requests for extensions of time to complete discovery made to the Court. While the case was filed a few years ago, the delay was due to plaintiff acting pro se for a large majority of that time and repeatedly amending the complaint.

15. Given that this case is not "on the verge of trial readiness", prejudice is unlikely to be found. See Blue Angel Films, Ltd. V. First Look Studios, Inc., 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011).

16. The second reason we are requesting withdrawal is due to a deterioration in the attorney-client relationship. Refusal to cooperate with counsel can provide grounds for withdrawal particularly when coupled with non-payment of counsel's fees. See S.E.C. v. Gibraltar Glob. Sec., Inc., 2015 WL 2258173 (S.D.N.Y. May 8, 2015).

17. While once again being mindful of preserving attorney-client privilege, I can say that communication with the client has been challenging at best with sporadic to no contact during the past few months. A more detailed explanation will be provided to the Court under seal.

18. As this Court is no doubt aware, relevant caselaw demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and this method is viewed favorably by courts. See <u>Weinberger v. Provident Life & Cas. Ins. Co.</u>, No. 97-cv-9262, 1998 WL 898309 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.")

19. Our office is not asserting a lien for the outstanding fees.

20. For the reasons set forth in the affirmation, my firm seeks an order granting our withdrawal as attorneys of record for the defendants.

Dated: Williston Park, New York
November 21, 2023

                                                  Yours, etc.,

                                                  MULHOLLAND MINION DAVEY
                                                  McNIFF & BEYRER

                                                  _____
                                                  By: Matthew Williams, Esq.
                                                  Attorneys for Defendant
                                                  NEW YORK MILITARY ACADEMY et al.
                                                  374 Hillside Avenue
                                                  Williston Park, New York 11596
                                                  (516) 248-1200

TO: Crumiller P.C.
16 Court Street - #2500
Brooklyn, NY 11241

New York Military Academy
78 Academy Avenue
Cornwall-On-Hudson, NY 12520

Research Center on Natural Conservation, Inc.
1 Arden Road
Harriman, NY 10926

# AFFIRMATION OF SERVICE

Matthew Williams, Esq., being duly sworn deposes and says:

That affirmant is not a party to the action, is over the age of 18 years, and resides in Dutchess County, New York.

That on the 21st day of November, 2023 deponent served a copy of the NOTICE OF MOTION and AFFIRMATION IN SUPPORT on the following:

CRUMILLER P.C.
Attorneys for Plaintiffs
16 Court Street, Suite 2500
Brooklyn, NY 11241

Via PACER, the electronic filing system of the United States District Court, Southern District of New York.

Additionally, I served a copy of the NOTICE OF MOTION, AFFIRMATION IN SUPPORT AND SUPPLEMENTAL AFFIRMATION IN SUPPORT with supporting exhibits on the following:

New York Military Academy
78 Academy Avenue
Cornwall-On-Hudson, NY 12520

Research Center on Natural Conservation, Inc.
1 Arden Road
Harriman, NY 10926

By placing a true copy of the documents enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Matthew Williams, Esq.