UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GILBERT SEGAL, JR.,
          Plaintiff,

v.

NEW YORK MILITARY ACADEMY (ALL
ENTITIES INCLUDING, BUT NOT LIMITED
TO INSURANCE REPRESENTATIVES,
ETC); and RESEARCH CENTER ON
NATURAL CONSERVATION INC.,
          Defendants.
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-7-25

**ORDER FOR**
**PRO BONO COUNSEL**

21 CV 6872 (VB)

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti
1-7-25

Briccetti, J.:

      On December 26, 2024, plaintiff filed an application for appointment of pro bono counsel. (Doc. #114). For the reasons set forth below, plaintiff's request is GRANTED. The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of representing plaintiff for all purposes throughout the remainder of the above-captioned case. Counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

      The in forma pauperis statute provides the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Ct., 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono

1

counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge v. Police Officers, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that they are indigent, for example, by successfully applying for leave to proceed in forma pauperis. The Court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Id. at 60–61. If these requirements are met, the Court must then consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper A. v. Sargenti Co., 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

In considering these factors, district courts should neither apply bright-line rules nor automatically deny a request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

First, plaintiff qualifies as indigent.

On August 14, 2021, plaintiff filed a request to proceed in forma pauperis. (Doc. #1). On August 30, 2021, plaintiff's request was denied because the Court "d[id] not have sufficient information to determine whether Plaintiff lacks sufficient funds to pay the filing fees for this

2

action." (Doc. #3). Plaintiff was thus directed to either pay Court filing fees or submit an amended IFP application. On September 30, 2021, plaintiff paid the filing fee.

On January 24, 2022, plaintiff filed an amended application to proceed in forma pauperis (Doc. #20), accompanying a request for the Court to appoint pro bono counsel (Doc. #21). Plaintiff indicated they were not presently employed and had not been since September 2019, when they were making twenty dollars per hour, and that they have no additional sources of income.[1] However, on January 27, 2022, the Court denied plaintiff's request to appoint pro bono counsel without prejudice, and denied his application to proceed in forma pauperis as moot because plaintiff had paid the filing fee. (Doc. #22).

At the November 12, 2024, case management conference, plaintiff indicated they borrowed money to pay the filing fee. Moreover, at the January 7, 2025, conference, plaintiff confirmed they are still unemployed and receive no additional sources of income. In addition, plaintiff indicated their efforts to retain private counsel "have been constrained by poverty-level living conditions." (Doc. #114 at ECF 1).[2]

Accordingly, plaintiff qualifies as indigent.

Second, plaintiff's claims seem likely to be of substance.

Plaintiff asserts claims of gender discrimination and retaliation under the New York State Human Rights law, N.Y. Exec. Law § 296(1), and state law claims of negligence, negligent hiring, supervision and retention, and breach of statutory duty to report abuse. Plaintiff alleges they were repeatedly sexually assaulted as a fifth and sixth grade student at defendant New York Military Academy in the 1990s, and that various school officials were aware of this abuse but

---

[1]    Plaintiff uses "they/them" pronouns.

[2]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

3

ignored, and even condoned and encouraged it. If plaintiff's allegations are true, these facts support plaintiff's claims. The Court thus finds plaintiff's claims are "likely to be of substance." Hodge v. Police Officers, 802 F.2d at 61–62.

However, plaintiff's characterization of the Court's August 14, 2023, order denying defendants' motion to dismiss is inaccurate. Plaintiff claims the Court's order "acknowledges the merit of Plaintiff's claims," "further validates Plaintiff's claims," and "demonstrates the merit of Plaintiff's claims." (Doc. #114 at ECF 2). This is incorrect. The Court simply found that, accepting all of the allegations in the Third Amended Complaint as true, plaintiff plausibly stated a claim for relief. It did not find plaintiff's claims are meritorious or that plaintiff has a good claim.

Third, the Court finds the other Hodge factors also weigh in favor of granting plaintiff's application. This case presents nuanced issues of law, particularly as it concerns complex questions regarding whether plaintiff's claims were discharged as a result of defendant New York Military Academy's ("NYMA's") bankruptcy or whether defendant Research Center on Natural Conservation Inc. purchased NYMA's assets free and clear of liability for plaintiff's claims. The complexity of the legal issues would make it difficult for plaintiff to present their case. In addition, the events at issue in this case are evidently very traumatic for plaintiff, which impedes plaintiff's ability to investigate crucial facts and present the case. Accordingly, in this case, representation will "lead to a quicker and more just result by sharpening the issues and shaping examination." See Hodge v. Police Officers, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is

4

especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/sites/default/files/2020-11/ProBonoFundOrder.pdf.

Pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this Order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the purposes described above. The Court advises plaintiff there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before an attorney volunteers to represent plaintiff. If any attorney volunteers, the attorney will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The next case management conference in this matter is scheduled for **March 11, 2025**, at **11:30 a.m.** If pro bono counsel has filed an appearance by that date, all counsel shall attend the conference in person at the White Plains courthouse, Courtroom 620. If pro bono counsel has not filed a notice of appearance by that date, the Court will adjourn the conference.

By **March 6, 2025**, plaintiff shall submit a letter regarding the status of the Court's request for pro bono counsel, and shall simultaneously email a copy to counsel for defendants.

Discovery is stayed pending further order of the Court, except that, to the extent the parties have not already complied with their initial disclosure obligations under Federal Rule of

Civil Procedure 26(a)(1), they shall do so by **February 7, 2025**. The parties should not make any additional discovery demands while the stay of discovery is pending.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #114).

Chambers will mail and email a copy of this Order to plaintiff at the address on the docket.

Dated: January 7, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge