UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GILBERT ALLAN SEGAL JR.,                          :
                 Plaintiff,             :
                                  :
                                  :
v.                                                :                    **OPINION AND ORDER**
                                  :
                                  :                    21 CV 6872 (VB)
NEW YORK MILITARY ACADEMY (ALL       :
ENTITIES INCLUDING, BUT NOT LIMITED  :
TO INSURANCE REPRESENTATIVES,        :
ETC); RESEARCH CENTER ON NATURAL     :
CONSERVATION INC.; COL. DENNIS       :
COSTELLO; JAMIE NORRIS; COLETTE      :
AUSTIN; SGT. JOSE ROMERO; and        :
WIJATMOKO SEDJATI,                   :
                 Defendants.          :
------------------------------------------------------------------x

Briccetti, J.:

Plaintiff Gilbert Allan Segal Jr. ("Segal"), brings this action against defendants New York

Military Academy ("NYMA"), Research Center on Natural Conservation Inc. ("RCNC" and

together with NYMA the "Corporate Defendants"),[1] Colonel Dennis Costello, Jamie Norris,

Colette Austin, Sergeant Jose Romero, and Wijatmoko Sedjati, asserting claims of gender

discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"), and

state-law claims of negligence, negligent hiring, supervision, and retention, as well as breach of

statutory duty to report abuse.

---

[1]      On November 14, 2025, the Corporate Defendants informed the Court they had reached a settlement in principle with Segal regarding all claims asserted against them by Segal. (Doc. #183). However, because Segal and the Corporate Defendants have yet to file a stipulation of dismissal the Corporate Defendants remain in the case.

1

Now pending is the motion to dismiss the fourth amended complaint pursuant to Rule 12(b)(6), filed by defendants Costello, Norris, and Austin (collectively, the "Moving Defendants"). (Doc. #173).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the fourth amended complaint, and draws all reasonable inferences in Segal's favor, as summarized below. The Court presumes the parties' familiarity with the facts and procedural history of this case and recites only those facts relevant to the pending motion.

I.     Factual Background

Segal attended NYMA during the fifth and sixth grades, from fall 1996 through spring 1998.[2] At that time, NYMA was a private coeducational military boarding school for grades five through twelve, located in Cornwall-on-Hudson, New York.

Segal claims to have experienced many sexual assaults and severe beatings by fellow students while attending NYMA. Of relevance to the instant motion, Segal alleges two of the three Moving Defendants—specifically, defendants Norris and Austin—knew Segal was being abused and failed to report the abuse to outside authorities or medical professionals.

---

[2]     Although Segal alleges Segal was permanently removed from NYMA in April 1997 (Doc. #136 ¶ 162), which would imply Segal only attended NYMA for one year, the Court assumes this is a typographical error, because the fourth amended complaint also alleges Segal returned to NYMA for sixth grade in September 1997 (id. ¶ 142), and suffered abuse as a sixth grader at NYMA at least as late as January 1998 (id. ¶ 152). The Court likewise assumes that allegations on page 24 and 25 of the fourth amended complaint (id. ¶¶ 153–160) describe events occurring in the spring of 1998.

For example, Segal alleges Norris, who was one of Segal's teachers at NYMA, noticed bruising on Segal's body in approximately February 1997. Segal further alleges Norris pulled Segal aside, inquired about Segal's apparent injuries, and suggested Segal meet with NYMA principal, defendant Austin. Segal says Norris did not otherwise report the noticeable signs of abuse to authorities. Sometime thereafter, Segal took Norris up on her offer of speaking to Austin. With Norris's permission, Segal went to defendant Austin's office and reported the beatings and sexual abuse Segal suffered at the hands of other students.

Although Austin purportedly told Segal the allegations were "very serious," Segal contends Austin failed to condemn the abuse and instead tried to convince Segal the other students' actions were normal or justifiable. Austin did not report Segal's abuse to authorities, but Segal alleges Austin stated she would report the complaints to another defendant, Captain Alexander, one of the staff members assigned to manage the barracks where Segal resided.

By contrast, Segal does not allege defendant Colonel Costello, who was the headmaster at NYMA, knew Segal was being abused by other NYMA students.

II.    Procedural History

On August 14, 2021, Segal, acting pro se, brought suit against the Corporate Defendants, the Association of Military Colleges and Schools of the United States, the National Association of Independent Schools, and John Does 1–6. (Doc. #2). On September 30, 2021, Segal, still acting pro se, filed a first amended complaint. (Doc. #4). In the first amended complaint, Segal added the JROTC Army and John Does 7–8 as defendants. (Id.). On March 8, 2022, Segal, continuing pro se, filed a second amended complaint. (Doc. #25). The second amended complaint added Sun Fin Holdings, the Middle States Association of Colleges and Schools, and the New York Department of Education as defendants. (Id.).

On October 7, 2022, an attorney noticed an appearance for Segal.  (Doc. #43).  On November 7, 2022, Segal, this time acting through counsel, filed a third amended complaint. (Doc. #47).  That same day, Segal's counsel filed a notice of voluntary dismissal, without prejudice, as to Segal's claims against The National Association of Independent Schools, Association of Military Colleges and Schools of the United States, JROTC Army, the New York Department of Education, Sun Fin Holdings, and Middle States Association of Colleges and Schools.  (Doc. #46).  The notice of dismissal was so-ordered on November 9, 2022.  (Doc. #48). Although the John Does were not dismissed, they were not listed in the third amended complaint, which named only the Corporate Defendants.  (Doc. #47).

On July 7, 2025, Segal's counsel[3] moved for leave to file a fourth amended complaint. (Doc. #132).  The Court granted the motion as unopposed.  (Docs. ##134–35).  On July 25, 2025, Segal's counsel filed a fourth amended complaint.  (Doc. #136, "4AC").  The fourth amended complaint adds eleven defendants who had not been named as defendants at any prior stage of the litigation.  (4AC).  The Moving Defendants—Costello, Norris, and Austin—were among the eleven new defendants added in the fourth amended complaint.[4]

---

[3]    On June 24, 2024, the attorney who filed the third amended complaint moved to be relieved as Segal's counsel.  Segal consented to the motion, which was granted on June 25, 2024. (Doc. #96).  On May 28, 2025, new counsel appeared on Segal's behalf.  (Doc. #126).

[4]    Six of the newly-named defendants—Capt. Gerald Alexander, Capt. "John" Garrison, Lt. "John" Kramer, Col. Frank Forgione, Ryan Arganta, and "John Doe, M.D."—were dismissed without prejudice on January 12, 2026, due to Segal's failure to timely serve them.  (Doc. #191). According to sworn statements of service filed on the docket, the two remaining newly-named defendants—Sgt. Jose Romero and Wijatmoko Sedjati—were served with the summons and fourth amended complaint, but those defendants have not answered, moved, or otherwise responded to the fourth amended complaint.

On October 13, 2025, the Moving Defendants filed their motion to dismiss the fourth amended complaint.  (Doc. #173).  Segal opposes the motion and, in the alternative, asks the Court to permit Segal to file a fifth amended complaint.  (Doc. #185 at 7–8).

**LEGAL STANDARD**

I.       Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.      The New York Child Victims Act

The New York Child Victims Act ("CVA"), enacted on February 14, 2019, extended the statute of limitations for civil actions brought by survivors of child sexual abuse.  N.Y. C.P.L.R. §

5

214-g.  Section 214-g of the CVA permitted plaintiffs to commence previously time-barred actions "not later than two years and six months after the effective date" of its passage, meaning until August 14, 2021.  Id.

In addition, executive orders issued by the Governor of New York during the COVID-19 pandemic tolled the statute of limitations for lawsuits brought in New York from March 20, 2020, through November 3, 2020, a period of 228 days.  Bethea v. Children's Vill., 225 A.D. 3d 580, 581 (2d Dep't 2024); McLaughlin v. Snowlift, Inc., 214 A.D. 3d 720, 721 (2d Dep't 2023). Therefore, the CVA's revival window "closed no later than March 30, 2022."  Friedman v. Bartell, 2025 WL 1681607, at *1 (2d Cir. June 16, 2025) (summary order).

A separate provision of the CVA, Section 208(b), "provides that an action based on certain sexual offenses committed against such person who was less than eighteen years of age may be commenced on or before the plaintiff reaches the age of fifty-five years."  Friedman v. Bartell, 2025 WL 1681607, at *1.  However, unlike Section 214-g, Section 208(b) "applies only prospectively" and is thus inapplicable to claims that accrued prior to the enactment of the CVA. Id. at *2.

III.    Statute of Limitations and Relation Back

"[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  Page v. Ellenhoff Grossman & Schole LLP, 2024 WL 4195137, at *1 (2d Cir. Sept. 16, 2024) (summary order).

In some circumstances, an amended complaint filed outside the statute of limitations may be deemed timely if it relates back to an earlier pleading filed before the limitations period expired.  DaCosta v. City of New York, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017).  An amended complaint adding new or different parties relates back to the prior, timely-filed complaint only if

the requirements of the Federal Rule of Civil Procedure 15(c) are met.  Rule 15(c) contains two subsections relevant here.

A.    Rule 15(c)(1)(A):  Applicable Statutes of Limitations

Under Rule 15(c)(1)(A) "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back."  Here, New York law—specifically, Sections 203 and 1024 of New York Civil Practice Law and Rules—govern whether an amended complaint relates back for the purposes of Rule 15(c)(1)(A).  Section 203 applies when the amended complaint adds a new party not previously named in the prior, timely-filed complaint.  Section 1024 pertains to identifying "John Doe" defendants.[5]

Section 203 provides:  "In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced."  N.Y.C.P.L.R. § 203(c).  As the New York Court of Appeals has explained, under Section 203, claims added in an amended pleading will relate back to an earlier complaint if three conditions are satisfied:

> (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense . . . and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

Buran v. Coupal, 87 N.Y.2d 173, 178 (1995).

Separately, Section 1024 permits a plaintiff who "is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party," to proceed against that party as

---

[5]    As discussed, CVA Section 208(b) applies prospectively, and is therefore inapplicable to claims like Segal's, which accrued prior to February 2019.

a "John Doe."  N.Y.C.P.L.R. § 1024.  "To take advantage of this provision, a party must satisfy two requirements.  First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. . . .  Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant."  Bender v. City of New York, 2015 WL 524283, at *5 (S.D.N.Y. Feb. 10, 2015).

      B.      Rule 15(c)(1)(C)(ii):  Mistake Concerning Identity

The second relevant subsection of Rule 15(c) is Rule 15(c)(1)(C)(ii), which, much like Section 203, turns on a mistake by plaintiff and notice to the defendant.  Rule 15(c)(1)(C)(ii) provides: "An amendment to a pleading relates back to the date of the original pleading when," among other criteria, "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

A plaintiff cannot "add the names of John Doe defendants where the defendants were unnamed merely on the basis that plaintiff did not know" the proper names.  Bender v. City of New York, 2015 WL 524283, at *3.  This is because "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake" under Rule 15(c)(1)(C)(ii), even in cases brought by pro se plaintiffs.  Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013).  "In other words, . . . ignorance and error are different mental states."  Bender v. City of New York, 2015 WL 524283, at *4.

Thus, Rule 15(c)(1)(C)(ii) "applies only where an amendment changes the party or the naming of the party against whom a claim is asserted—not where an amendment adds a previously unmentioned party."  Neal v. Wilson, 239 F. Supp. 3d 755, 759 (S.D.N.Y. 2017) (collecting cases).

**DISCUSSION**

The Moving Defendants argue Segal's claims against them must be dismissed as untimely.  The Court agrees.

As an initial matter, Section 214-g of the CVA opened a temporary window for survivors of childhood sexual abuse to sue.  At the time of its passage, the CVA window was slated to close on August 14, 2021, the date Segal filed the original complaint.  (Doc. #2).  However, executive orders issued by the Governor during the COVID-19 pandemic tolled statutes of limitations in New York from March 20, 2020, through November 3, 2020.  Bethea v. Children's Vill., 225 A.D. at 581; McLaughlin v. Snowlift, Inc., 185 N.Y.S.3d at 214.  Thus, the CVA's revival window was extended 228 days, from August 14, 2021, through March 30, 2022.  On September 30, 2021, Segal timely filed the first amended complaint.  (Doc. #4).  Segal's second amended complaint, which was filed on March 8, 2022, was also timely filed.  (Doc. #25).

However, even though Segal commenced this action (and filed two amended complaints) in timely fashion, Segal failed to bring claims against the Moving Defendants until July 25, 2025, well after the Section 214-g deadline.

Segal nevertheless argues Segal's claims against the Moving Defendants are timely pursuant to a separate provision of the CVA, Section 208(b).  This is incorrect.  Section 208(b) "provides that an action based on certain sexual offenses committed against such person who was less than eighteen years of age may be commenced on or before the plaintiff reaches the age of fifty-five years."  Friedman v. Bartell, 2025 WL 1681607, at *2.  But Section 208(b) "applies only prospectively" and is therefore unavailable to rescue Segal's claims against the Moving Defendants.  Id.

Thus, Segal's claims against the Moving Defendants are only timely if they relate back to Segal's second amended compliant.  The Moving Defendants contend Segal's claims do not relate back under either Rule 15(c)(1)(A) or Rule 15(c)(1)(C)(ii).

The Court agrees.

I.      Rule 15(c)(1)(A):  Applicable Statutes of Limitations

First, pursuant to Rule 15(c)(1)(A), both Section 203 and Section 1024 are potentially statutes of limitations that allow relation back.  Neither applies in the instant case.

A.      Section 203

Section 203 permits relation back only if (i) Segal's claims against the Moving Defendants arise from the same conduct as the claims in Segal's second amended complaint, (ii) the Moving Defendants are "united in interest" with the defendants named therein, and "by reason of that relationship can be charged with" notice of Segal's suit such that the Moving Defendants "will not be prejudiced" by being added, and (iii) the Moving Defendants "knew or should have known that, but for an excusable mistake" by Segal as to their identity, they would have been sued initially.  Buran v. Coupal, 87 N.Y.2d at 178.

These requirements are not satisfied in the instant case.  Although Segal's claims against the Moving Defendants arise from the same conduct as Segal's claims against the defendants listed in the second amended complaint—namely, the alleged abuse Segal suffered at NYMA—Segal cannot satisfy the other requirements of Section 203.  The Moving Defendants are not so "united in interest" with the Corporate Defendants (or any other defendants named in the second amended complaint) that notice of the suit can fairly be attributed to them such that they would not be prejudiced by being named as defendants at this late date.  Buran v. Coupal, 87 N.Y.2d at 178.  Although the Moving Defendants were at one point employed by NYMA, decades have

10

passed since the events giving rise to this case and it is unclear from the briefing whether any of the Moving Defendants remain employed by NYMA.

Even assuming the Moving Defendants were united in interest with the Corporate Defendants, Section 203 does not apply because Segal's failure to sue the Moving Defendants was not caused by an excusable mistake about their identities.  The original complaint makes no mention of the Moving Defendants.  And, although Segal identified Costello descriptively in the first amended complaint (Doc. #4 at 5), and then by name in the second amended complaint (Doc. #25 at ECF 7),[6] Segal made no reference to either Norris or Austin until the third amended complaint.  Moreover, Segal mentions Costello only briefly in those complaints and makes no allegations against him.

Ultimately, Segal chose not to sue the Moving Defendants until July 25, 2025.  Segal's failure to add the Moving Defendants as defendants prior to the fourth amended complaint cannot be attributed to an excusable mistake of identity.  That choice is reinforced by the third amended complaint, in which Segal identifies all three Moving Defendants by name but does not list any of them as defendants.  (Doc. #47 ¶¶ 36, 76–77).  Because Section 203's "excusable mistake" of identity requirement is not satisfied, the fourth amended complaint does not relate back to the second amended complaint.

B.    Section 1024

Section 1024 is also inapplicable.  The Moving Defendants cannot now be substituted for the John Does listed in the second amended complaint.  Crucially, Costello cannot be substituted for a John Doe in the second amended complaint because he is identified therein by name, albeit

---

[6]    "ECF —" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

briefly.  (Doc. #25 at ECF 7).  There is therefore no plausible argument Segal was ignorant of Costello's identity prior to the fourth amended complaint.

In addition, prior to substitution, Section 1024 requires a John Doe to be described "in such form as will fairly apprise the party that he is the intended defendant."  Bender v. City of New York, 2015 WL 524283, at *5.  The second amended complaint does not sufficiently describe the other Moving Defendants—Norris and Austin—because it does not mention them at all.  What's more, Segal's description and identification of all three of the Moving Defendants in the third amended complaint extinguishes the possibility that Segal was "ignorant, in whole or in part, of the name or identity of" the Moving Defendants prior to the fourth amended complaint.  N.Y.C.P.L.R. § 1024.  Therefore, the fourth amended complaint does not relate back to the second amended complaint pursuant to Section 1024.

II.    Rule 15(c)(1)(C)(ii):  Mistake Concerning Identity

Turning to Rule 15(c)(1)(C)(ii), this provision is equally unavailing.  A mistake is required to invoke Rule 15(c)(1)(C)(ii).  As discussed, the Moving Defendants did not know, nor should they have known, that Segal would have named them as defendants but for a mistake concerning their identities.  A plaintiff's failure to name a defendant due to ignorance is insufficient.  Bender v. City of New York, 2015 WL 524283, at *4.  Therefore, when as here, "an amendment adds a previously unmentioned party," relation back is impermissible.  Neal v. Wilson, 239 F. Supp. 3d at 759.

Accordingly, Segal's claims against the Moving Defendants are untimely, do not relate back to the second amended complaint, and must be dismissed.

Finally, Segal argues the Court should permit Segal to file a fifth amended complaint in the event the Court grants the motion to dismiss.  (Doc. #185 at 8).  But amendment here would

be futile because it cannot cure the statute of limitations deficiencies with respect to the Moving

Defendants.  Therefore, Segal's request for leave to file a fifth amended complaint is denied.

## CONCLUSION

The Moving Defendants' motion to dismiss the fourth amended complaint is GRANTED.

The Clerk is instructed to terminate the motion.  (Doc. #173).

The Clerk is further instructed to terminate defendants Colonel Dennis Costello, Jamie

Norris, and Colette Austin.

Dated: January 30, 2026
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

13